UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMAN DAWONE HOLMAN, | No.  2:25-cv-2084 AC P |
| Plaintiff, | |
| v. | ORDER |
| CITY OF STOCKTON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel, filed a civil rights complaint seeking relief pursuant to 42 U.S.C. § 1983.  ECF No. 1.  He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  ECF No. 2.

The case was transferred from the Central District of California to the Eastern District of California on July 25, 2025.  ECF No. 5.  Since then, plaintiff has submitted twelve additional filings.  ECF Nos. 10-21.  The first is a motion for an extension of time and motion to appoint counsel.  ECF No. 10.  The last is another motion to appoint counsel.  ECF No. 21.  And the other ten filings are a combination of exhibits, letters to the court, and letters to nonparties regarding plaintiff's criminal case and a habeas lawsuit in the Central District of California.  See ECF Nos. 11-20.

////

////

1

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  ECF No. 2.  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

II.  Statutory Screening of Prisoner Complaints

A.  Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Id. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  When considering whether a complaint states a claim, the court must accept the

---

[1]  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a), 1915(b)(1).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

2

allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

> B. Factual Allegations of the Complaint[2]

From what the court can discern, the complaint alleges that defendants City of Stockton, California Health Care Facility (CHCF), Khan, I. Daniel, J. Purtle, J. Martinez, Madlen Nazarireihanabad, and Salinas violated plaintiff's rights under California law and the First, Eighth, and Fourteenth Amendments of the United States Constitution.  ECF No. 1.  Specifically, the complaint alleges the following.

The California Department of Corrections (CDCR) was going to send plaintiff to a Level IV facility for general population (GP) enhanced outpatient program (EOP), even though CDCR knows that plaintiff cannot go to GP EOP or a "mainline" because his "wrongful convictions" as a sex offender put him at risk of being killed.  Id. at 9.  Plaintiff told them that he was not going to a Level IV facility, that he wanted protective custody, that there were death threats at every prison by correctional officers and inmates against alleged sex offenders, and that they[3] were trying to get him killed.  Id.

Defendants Khan, I. Daniel, and Salinas used unnecessary force when they assaulted plaintiff and held him in restraints for thirteen hours at CHCF.  Id. at 3-5, 8.  Defendant Nazarireihanabad committed malpractice by trying to give plaintiff an unauthorized shot to sedate him.  Id. at 4.

Defendants Khan, I. Daniel, and Salinas retaliated against plaintiff by making false allegations of battery on a peace officer and using his "wrongful conviction" for sex crimes to get him killed.  Id. at 3-4.  Defendants Khan and I. Daniel and non-defendant Walker[4] gave other

---

[2]  The factual allegations of the complaint are those stated in the complaint at ECF No. 1.  The court does not consider plaintiff's subsequent letters and exhibits filed at ECF Nos. 11-20 as part of the complaint.  A complaint is a *single* document with factual allegations.  It is not the duty of the court to look through the letters and exhibits to determine whether they contain additional facts that might support a cognizable claim under § 1983.

[3]  It is unclear from the complaint who "them" and "they" are referring to.

[4]  Walker is not named in the caption or listed as a defendant in the complaint, and therefore any

3

inmates plaintiff's name, picture, and alleged charges. Id. at 9. These inmates are waiting on him to kill him. Id.

Defendant J. Purtle falsified an incident report to protect the other correctional officers from perjury. Id. at 3.

Plaintiff sues defendants Khan, I. Daniel, J. Purtle, Nazarireihanabad, and Salinas in their individual and official capacities. Id. at 3-4. By way of relief he seeks monetary damages, including monetary damages for falsified criminal charges of sex crimes in criminal case #XCNBA504771-01. Id. at 9.[5]

### C. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that the complaint – liberally construed – sufficiently states Eighth Amendment claims for excessive force against defendants Khan, I. Daniel, and Salinas in their individual capacities.[6]

### D. Failure to State a Claim

However, the allegations in the complaint are insufficient to state any official capacity, failure to protect, retaliation, and/or state law claims, or any claims against the City of Stockton, CHCF, J. Martinez, J. Purtle, and Nazarireihanabad.

Plaintiff's claims against Khan, I. Daniel, J. Purtle, Nazarireihanabad, and Salinas *in their official capacities* and against CHCF are barred by the Eleventh Amendment and because state officials sued in their official capacities for damages are not "persons" for purposes of civil rights actions pursuant to 42 U.S.C. § 1983. To pursue monetary relief against state officials, plaintiff must state cognizable claims against them in their *individual capacities*, as he has done against

---

allegations against him will not be considered at this time. If plaintiff wants the court to consider any claims against Walker, he needs to file an amended complaint and include Walker as a named defendant. See Fed. R. Civ. P. 10(a) (the title of the complaint must include the names of all of the defendants).

[5] Plaintiff also requests the court appoint specific counsel and a nonprofit identified in his complaint for his criminal defense relating to Case #XCNBA504771-01 and his civil lawsuit. ECF No. 1 at 10. The court addresses this request with his motions to appoint counsel.

[6] Plaintiff is informed that if his excessive force claims would necessarily imply the invalidity of a prison disciplinary sanction, his claims may be barred by Heck v. Humphrey, 512 U.S. 477 (1994).

4

Khan, I. Daniel, and Salinas.  See Section II.C.

To the extent plaintiff is also attempting to allege § 1983 claims against CDCR, he fails to do so because he does not name CDCR as a defendant in this action and even if he did such claims would be barred by the Eleventh Amendment and are non-cognizable under § 1983.

To the extent plaintiff is attempting to allege an Eighth Amendment failure to protect claim based on the *intent* to place plaintiff in GP, such claim fails because plaintiff has not alleged an objectively serious deprivation.  Put differently, plaintiff has not alleged that any defendant knew of the excessive risk to plaintiff's health and safety and actually exposed him to that risk.

Plaintiff fails to state a First Amendment retaliation claim because he has not alleged that defendants took an adverse action against him because he engaged in protected conduct.  To allege an adverse action was taken because of plaintiff's protected conduct – i.e. was motivated by plaintiff's protected conduct – the protected conduct must have occurred prior to the adverse action.  Here, plaintiff has not alleged that he engaged in protected conduct *before* defendants Khan, I. Daniel, and Salinas filed a false rules violation report (RVR), *before* defendants Khan and I. Daniel gave other inmates his full name, picture, and charges against him, or *before* any defendant took any other adverse action against him.  To the extent plaintiff is attempting to allege that defendants retaliated against him because he filed a grievance, the attached grievance suggests otherwise.  When plaintiff filed the grievance (the protected conduct), Khan had allegedly already falsified an RVR against plaintiff (adverse action).  See ECF No. 1 at 5. Because the protected conduct came *after* the adverse action, the grievance could not have motivated defendants to falsify an RVR against plaintiff.

Plaintiff also fails to state any state law claims, such as claims under California Penal Code section 51.7 or for malpractice, because he has not alleged compliance with the Government Claims Act.  Moreover, claims for violations of state law are not cognizable against a defendant under § 1983 unless the conduct also violates a federal constitutional or statutory right.

Plaintiff also fails to state a claim against the City of Stockton and J. Martinez because he

5

has not alleged an actual connection or link between the actions of these defendants and any deprivation alleged to have been suffered by plaintiff. The complaint merely names these defendants but does not allege their involvement in any of the alleged violations. Moreover, with respect to the City of Stockton, even if plaintiff had alleged some involvement by the city, which seems very unlikely given the alleged violations are against state entities and officials, such claim would fail because there is no vicarious liability for the actions of a city's employees. A city may only be sued for their policies and practices that directly cause a constitutional violation. Plaintiff has not alleged that the City of Stockton's policies and/or practices caused any of the alleged constitutional violations.

To the extent plaintiff is attempting to state an Eighth Amendment excessive force and/or Fourteenth Amendment involuntary treatment claim against defendant Nazarireihanabad, he fails because he has not alleged defendant Nazarireihanabad injected him with a sedative and that it was unnecessary under the circumstances. To the extent plaintiff is attempting to state an Eighth Amendment and/or Fourteenth Amendment claim against defendant J. Purtle for writing a false RVR or incident report, he fails because a false disciplinary report does not offend the Eighth or Fourteenth Amendment.

Lastly, to the extent plaintiff is attempting to challenge his conviction in case number XCNBA504771-01, he may not do so in a § 1983 action. Instead, he must pursue such a challenge through a habeas corpus petition, which it appears he has done in Holman v. The People of State of California, 2:25-cv-4050 JAK MAA (C.D. Cal.).[7] Additionally, to the extent plaintiff is seeking damages for his allegedly wrongful conviction in case number XCNBA504771-01, he may not do so in a civil rights action unless he first succeeds in having his conviction invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

It appears to the court that plaintiff may be able to allege facts to fix some of the defects identified. Therefore, plaintiff will be given the option of filing an amended complaint.

[7] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

E.  Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make.  After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

The **first option** available to plaintiff is to proceed immediately against defendants Khan, I. Daniel, and Salinas in their individual capacities on an Eighth Amendment excessive force claim.  By choosing this option, plaintiff will be agreeing to voluntarily dismiss all other claims against these defendants and all claims against defendants City of Stockton, CHCF, J. Purtle, J. Martinez, and Nazarireihanabad.  **If plaintiff chooses this option, the court will proceed to immediately serve the complaint and order a response from defendants Khan, I. Daniel, and Salinas.**

The **second option** available to plaintiff is to file an amended complaint to fix the problems described in Section II.D.  **If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.  Any amended complaint should be a *single* document, containing a short and plain statement from plaintiff explaining, as best he can, what happened and what each defendant did or did not do that he believes violated his federal rights.  Plaintiff is warned that the court will only consider the factual allegations made in the amended complaint, not those contained in his original complaint or any other filings, including his letters to the court and exhibits, ECF Nos. 11-20, or any subsequent letters or exhibits.**  Plaintiff is informed that it is not the court's duty to look through the exhibits to determine whether they contain additional facts that would support a cognizable claim under § 1983.  Rather, the court looks at the *factual* allegations contained in the complaint to determine whether plaintiff has stated any cognizable claims.

III.  Motions For Extension of Time and To Appoint Counsel

Plaintiff's complaint asks that the court appoint specific counsel and a nonprofit identified in his complaint for his criminal defense relating to his criminal case number XCNBA504771-01 and this civil action.  ECF No. 1 at 10.  Plaintiff has also filed a motion for an extension of time and two motions to appoint counsel.  ECF Nos. 10, 21.

7

Because there are currently no deadlines in this case, plaintiff's motion for an extension of time will be denied as unnecessary.

The court in this civil action does not have authority to appoint counsel in a criminal matter in state court. See Ward v. United States, 388 F.2d 371, 372 (9th Cir. 1969) ("The federal court has not authority to appoint counsel to defend him on the state charges."). Plaintiff's request and motions for appointment of counsel will also be denied. Plaintiff's request will therefore be denied.

District courts also lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Plaintiff was able to present excessive force claims without counsel and his claims are not particularly complex. Moreover, to the extent he choses to amend the complaint, there is nothing to suggest that he is unable to do so without the assistance of counsel.

IV. Miscellaneous Filings – Letters and Exhibits

As noted above, plaintiff has established a pattern of filing multiple letters and exhibits in this action that are neither pleadings nor motions. See ECF Nos. 11-20. The Eastern District of California maintains one of the heaviest caseloads in the nation, a significant portion of which is

comprised of pr se inmate cases, and piecemeal filings like plaintiff's serve only to further burden the court and delay resolution of cases.  Going forward, plaintiff should file only pleadings (e.g. amended complaint authorized by the court or permitted by the Federal Rules of Civil Procedure); motions authorized by the Federal Rules of Civil Procedure and/or Local Rules of this court; briefing pursuant to such rules or as ordered by the court; and responses to court orders.  Plaintiff should only submit exhibits to the extent they are relevant and necessary to the resolution of the pleading and/or motion.  As noted above, complaints need not include exhibits and should instead plainly state the facts of what plaintiff believes amounts to a violation of his federal rights.

Plaintiff is cautioned that documents not contemplated by the Federal Rules of Civil Procedure or ordered by the court will be stricken and not considered by the court, and plaintiff's future filings may also be limited without further warning.

V.  <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

Some of the allegations in the complaint state claims against the defendants and some do not.  At this early stage in your case, you have sufficiently stated excessive force claims against defendants Khan, I. Daniel, and Salinas in their individual capacities. You have not stated any other claims against them or any other defendant you have named in your complaint.  In other words, you have not sufficiently stated any official capacity claims, failure to protect claims, retaliation claims, state law claims (including malpractice and violations of California's penal code) or any claims against the City of Stockton, CHCF, J. Martinez, J. Purtle, and Nazarireihanabad.

You have a choice to make.  You may either (1) proceed immediately on your Eighth Amendment excessive force claim against defendants Khan, I. Daniel, and Salinas and voluntarily dismiss the other claims and defendants; or, (2) try to amend the complaint.  To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief.  <u>See</u> Attachment A.  Pay particular attention to these standards if you choose to file an amended complaint.

Your requests to appoint counsel in your state criminal matter and this civil matter are being denied at this time.

VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's motions for an extension of time and appointment of counsel (ECF Nos. 10, 21) are DENIED as follows.

    a. An extension of time is DENIED as unnecessary.

    b. Appointment of counsel in plaintiff's state criminal proceedings is DENIED.

    c. Appointment of counsel in this civil matter is DENIED without prejudice.

4. Plaintiff fails to state any official capacity, failure to protect, retaliation, and/or state law claims, or any claims against the City of Stockton, CHCF, J. Martinez, J. Purtle, and Nazarireihanabad.

5. Plaintiff may *either* (1) proceed immediately on his Eighth Amendment excessive force claim against defendants Khan, I. Daniel, and Salinas in their individual capacities, as set forth in Section II.C. above, *or* (2) file an amended complaint.

6. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

7. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of his official capacity claims, retaliation claims, state law claims, and dismissal without prejudice of defendants City of Stockton, CHCF, J. Martinez, J. Purtle, and Nazarireihanabad.

DATED: January 30, 2026

_____

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASMAN DAWONE HOLMAN,

          Plaintiff,

     v.

CITY OF STOCKTON, et al.,

          Defendants.

No.  2:25-cv-2084 AC P

NOTICE OF ELECTION

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claims against defendants Khan, I. Daniel, and Salinas without amending the complaint.  Plaintiff understands that by choosing this option, his official capacity claims, failure to protect claims, retaliation claims, state law claims and defendants City of Stockton, CHCF, J. Martinez, J. Purtle, and Nazarireihanabad will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:_____

                                       Jasman Dawone Holman
                                       Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.      Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, plaintiff must state every claim and every defendant he seeks to pursue in his civil action.

II.     Legal Standards Governing Substantive Claims for Relief

A.  Section 1983

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Accordingly, "the requirements for relief under [§] 1983 have been articulated

1

as: (1) *a violation of rights protected by the Constitution or created by federal statute*, (2) proximately caused (3) *by conduct of a 'person'* (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (emphasis added).

An officer's violation of state laws and/or regulations is not grounds for a § 1983 claim. See Case v. Kitsap County Sheriff's Dept., 249 F.3d 921, 930 (9th Cir. 2001) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir 1997) ("[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right . . .")). Violations of state law and regulations cannot be remedied under § 1983 unless they also violate a federal constitutional or statutory right. See Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for violation of federal law); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996) (federal and state law claims should not be conflated; "[t]o the extent that the violation of a state law amounts the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress").

Only "person[s]" may be sued for depriving civil rights under § 1983, and states are not "person[s]" within the meaning of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989). State officials sued in their official capacity for damages (monetary relief) are not "persons" within the meaning of § 1983. Id. at 71. State officials sued in their official capacity for *prospective relief* are "person[s]" within the meaning of § 1983." Id. Municipalities are also considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell, 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

B. Eleventh Amendment – Sovereign Immunity

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief." See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010); Fireman's Fund Ins. Co., v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) ("The Eleventh Amendment bars suits which seeks either damages or injunctive

2

relief against a state, 'an arm of the state', its instrumentalities, or its agencies."). A suit against CDCR and/or CHCF is barred by the Eleventh Amendment. Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009).

The Eleventh Amendment also bars suits for damages against state officials in their official capacity, Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007), but does not bar suits seeking damages against state officials in their individual capacities. Hafer v. Melo, 502 U.S. 21, 30-31 (1991).

### C.  Monell Liability

Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). The municipal policy at issue must be the result of a "'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'" Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)).

### D.  First Amendment – Retaliation

To state a claim for retaliation, a plaintiff must allege defendants (1) took adverse action against plaintiff (2) because of (3) plaintiff's protected conduct, and that the action (4) would chill an inmate of reasonable firmness from future protected conduct and (5) lacked a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

An adverse action is an act (or failure to act) by prison officials which causes harm, and "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out."

3

Brodheim v. Cry, 584 F.3d 1262, 1269-70 (9th Cir. 2009) (emphasis in original).  To show defendants retaliated "because of" the plaintiff's actions, the plaintiff must show the defendants were motivated by his protected conduct.  See Crawford-El v. Britton, 523 U.S. 574, 592 (1998) (proof of defendant's general animosity toward plaintiff would not necessarily show her conduct was motivated by plaintiff's protected conduct).  Protected conduct refers to acts taken by the plaintiff that are protected by the First Amendment and may include lawsuits and grievances, as well as verbal complaints or threats to sue.  See Rhodes, 408 F.3d at 567 (prisoners have a First Amendment right to file prison grievances and pursue civil litigation); Shepard v. Quillen, 840 F.3d 686, 688 (9th Cir. 2016) (prisoners have "First Amendment right to report staff misconduct"); Jones v. Williams, 791 F.3d 1023, 1036 (9th Cir. 2015) (threats to sue constitute protected conduct); Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017) (form of complaint, including verbal, "is of no constitutional significance").

### E. Eighth Amendment

#### i. Excessive Force

"[T]he Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)).  "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).  When determining whether the force was excessive, the court looks to "[1] the extent of injury suffered by an inmate," as well as "[2] the need for application of force, [3] the relationship between that need and the amount of force used, [4] the threat 'reasonably perceived by the responsible officials,' and [5] 'any efforts made to temper the severity of a forceful response.'"  Id. at 7 (quoting Whitley, 475 U.S. at 321).  While a de minimis use of force does not violate the Eighth Amendment, a plaintiff does not have to suffer a serious injury to state a claim for relief.  Wilkins v. Gaddy, 559 U.S. 34, 38 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to

4

escape without serious injury.").

"A mere threat may not state a cause of action" under the Eighth Amendment. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (a "mere naked threat" from prison guards does not violate the Eighth Amendment; it "trivializes the Eighth Amendment to believe a threat constitutes a constitutional wrong"); see also Corales v. Bennett, 567 F.3d 554, 564-65 (9th Cir. 2009) (In Gaut, we found "no case that squarely holds a threat to do an act prohibited by the Constitution is equivalent to doing the act itself.")

### ii.  Failure to Protect

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted).  Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted).  The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837.  He must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847.  Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

### iii.  False Disciplinary

"The issuance of Rules Violation Reports, even if false, does not rise to the level of cruel and unusual punishment." Cauthen v. Rivera, No. 1:12-cv-1747 LJO DLB, 2013 WL 1820260, at *10, 2013 U.S. Dist. LEXIS 62472, at *24 (E.D. Cal. April 30, 2013) (citations omitted), adopted by 2013 WL 3744408, 2013 U.S. Dist. LEXIS 98595; Jones v. Prater, No. 2:10-cv-01381 JAM KJN, 2012 WL 1979225, at *2, 2012 U.S. Dist. LEXIS 76486, at *5-6 (E.D. Cal. June 1, 2012) ("[P]laintiff cannot state a cognizable Eighth Amendment violation based on an allegation that

5

defendants issued a false rules violation against plaintiff." (citation omitted)).

### F.   Fourteenth Amendment

#### i.   Involuntary Treatment

Prisoners have a Fourteenth Amendment due process right to be free from the involuntary medication of antipsychotic drugs.  Washington v. Harper, 494 U.S. 210, 221-22 (1990).  That right, however, is not without limits.  Substantive due process "permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest."  Id. at 227.  Involuntary medication is impermissible "absent a finding of overriding justification and a determination of medical appropriateness."  Riggins v. Nevada, 504 U.S. 127, 135 (1992).  Procedural due process permits a state to involuntarily medicate a prisoner if the prisoner is provided with notice, the right to be present at an adversarial hearing, and the right to present and cross-examine witnesses.  Harper, 494 U.S. at 235.  Appointment of counsel is not required, and a decision to medicate can be made by medical personnel rather than a court.  Id. at 231, 236.

The U.S. Courts of Appeal have held that Harper's procedural protection may be circumvented in an "emergency."  See  Hogan v. Carter, 85 F.3d 1113, 1116-17 (4th Cir. 1996), cert. denied, 519 U.S. 974 (1996) (Harper procedural protections do not apply in an emergency); Leeks v. Cunningham, 997 F.2d 1330, 1335 (11th Cir. 1993) (recognizing an emergency exception to Harper, applicable where prisoner poses "such an imminent and serious danger to himself or others that the minimal procedural requirements of Harper—notice and the right to be present at and participate in a hearing—could not be met.");  Kulas v. Valdez, 159 F.3d 453, 456 (9th Cir. 1998) (finding that plaintiff's case did not present an emergency, which would permit circumventing the procedural protections laid out in Harper).  The Ninth Circuit has specifically held that a "merely loud and uncooperative" prisoner does not present an emergency sufficient to circumvent Harper's procedures protections, but a prisoner who "had been in the throes of an uncontrollable seizure for . . . three hours" when the doctor ordered involuntary medication did present such emergency.  Kulas, 159 F.3d at 456 (distinguishing from Hogan, 85 F.3d at 1114).

////

6

### ii. False Disciplinary

Prisoners do not have a liberty interest in being free from false accusations of misconduct. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("there are no procedural safeguards protecting a prisoner from false retaliatory accusations")

### G. State Law Claim

To state a viable state law claim against a state employee or entity, a plaintiff must allege compliance with the Government Claims Act. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint); Cal. Gov't Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller"). This requirement applies in federal court. See Clapp v. City and County of San Francisco, 846 F. App'x 525, 526 (9th Cir. 2021) (affirming dismissal where plaintiff "failed to allege facts sufficient to show that he complied with, or was excused from, the claim presentment requirement of the California Government Claims Act" (citation omitted)).