UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMAN DAWONE HOLMAN, | No.  2:25-cv-2084 AC P |
| Plaintiff, | |
| v. | ORDER and |
| CITY OF STOCKTON, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in a civil rights action pursuant to 42 U.S.C. § 1983.  On February 2, 2026, the court screened the complaint and found that plaintiff's allegations against defendants Khan, I. Daniel, and Salinas were sufficient to state Eighth Amendment excessive force claims.  ECF No. 22 at 4.  The court also found that plaintiff's allegations did not state any official capacity claims against any defendant, and were insufficient to state failure to protect, retaliation, and/or state law claims, or any claims against the City of Stockton, California Health Care Facility, J. Martinez, J. Purtle, and Nazarireihanabad. Id.  Plaintiff was given the options of amending the complaint or proceeding immediately on his Eighth Amendment excessive force claims against defendants Khan, I. Daniel, and Salinas.  Id. at 7, 9-10.  He was further advised that if, within twenty-one days from the date of the order, he failed to notify the court how he wanted to proceed, the court would assume that he was choosing to proceed on the complaint as screened and would recommend dismissal without prejudice of his

1

official capacity claims, retaliation claims, state law claims, and dismissal without prejudice of defendants City of Stockton, CHCF, J. Martinez, J. Purtle, and Nazarireihanabad.  Id. at 10.

On March 9, 2026, the court received a letter from plaintiff labeled "1st-8th-11th-14th Amendment Violations."  ECF No. 25.  The letter stated the following: (1) "[t]he force defendants used was not used in a good faith" and "was used maliciously and sadistically to cause plaintiffs harm"; and (2) "[d]efendants and each of them, intentionally and reckously/recklessly violated federal laws and as such plaintiff is entitled to punitive damages" and "acted under color of state law and is being sued in their individual athority [sic] in capacity."  Id. at 1.  Plaintiff attached a recent grievance in which he alleged defendant Khan and two other correctional officers (not named defendants) revealed his pending charges to other inmates.  Id. at 2-3.  As a result, inmates threatened plaintiff with harm, causing plaintiff to fear for his safety.  Id.  Missing from the letter and attachment is the notice of election form or any indication of plaintiff's choice to proceed on the claims as screened or to amend the complaint.

The time for plaintiff to notify the court as to how he wishes to proceed has now passed, and plaintiff has not made an election or otherwise informed the court how he would like to proceed.  Accordingly, the court will recommend dismissal of the non-cognizable claims identified in the February 2, 2026, screening order and via separate order will direct service of the complaint on defendants Khan, I. Daniels, and Salinas on plaintiff's excessive force claim.

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of Court shall randomly assign a district judge to this action.

**IT IS HEREBY RECOMMENDED** that for the reasons set forth in the February 2, 2026, screening order (ECF No. 22 at 4-6), plaintiff's official capacity claims, retaliation claims, state law claims, and defendants City of Stockton, CHCF, J. Martinez, J. Purtle, and Nazarireihanabad be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

2

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 18, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE