UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASMAN DAWONE HOLMAN,

Plaintiff,

v.

CITY OF STOCKTON, et al.,

Defendants.

No.  2:25-cv-2084 AC P

ORDER

On February 2, 2026, the court screened the complaint and found that plaintiff's allegations against defendants Khan, I. Daniel, and Salinas were sufficient to state Eighth Amendment excessive force claims.  ECF No. 22 at 4.  The court also found that plaintiff's allegations did not state any official capacity claims against any defendant, and were insufficient to state failure to protect, retaliation, and/or state law claims, or any claims against the City of Stockton, California Health Care Facility, J. Martinez, J. Purtle, and Nazarireihanabad.  Id. Plaintiff was given the options of amending the complaint or proceeding immediately on his Eighth Amendment excessive force claims against defendants Khan, I. Daniel, and Salinas.  Id. at 7, 9-10.  He was further advised that if, within twenty-one days from the date of the order, he failed to notify the court how he wanted to proceed, the court would assume that he was choosing to proceed on the complaint as screened and would recommend dismissal without prejudice of his official capacity claims, retaliation claims, state law claims, and dismissal without prejudice of

1

defendants City of Stockton, CHCF, J. Martinez, J. Purtle, and Nazarireihanabad. Id. at 10.

On March 9, 2026, the court received a letter from plaintiff labeled "1st-8th-11th-14th Amendment Violations." ECF No. 25. The letter stated the following: (1) "[t]he force defendants used was not used in a good faith" and "was used maliciously and sadistically to cause plaintiffs harm"; and (2) "[d]efendants and each of them, intentionally and reckously/recklessly violated federal laws and as such plaintiff is entitled to punitive damages" and "acted under color of state law and is being sued in their individual athority [sic] in capacity." Id. at 1. Plaintiff attached a recent grievance in which he alleged defendant Khan and two other correctional officers (not named defendants) revealed his pending charges to other inmates. Id. at 2-3. As a result, inmates threatened plaintiff with harm, causing plaintiff to fear for his safety. Id. Missing from the letter and attachment is the notice of election form or any indication of plaintiff's choice to proceed on the claims as screened or to amend the complaint.

Because the time for plaintiff to notify the court as to how he wanted to proceed had passed and plaintiff had not made an election or otherwise responded to the court, the court issued an order directing service of the complaint on defendants Khan, I. Daniel, and Salinas. ECF No. 27. The court also issued findings and recommendations recommending that plaintiff's official capacity claims, retaliation claims, state law claims, and defendants City of Stockton, CHCF, J. Martinez, J. Purtle, and Nazarireihanabad be dismissed without prejudice. ECF No. 26. Plaintiff was given twenty-one days to file objections. Id. at 2.

Before the deadline to file objections passed, plaintiff filed a Notice of Election informing the court that he would like to proceed on his Eighth Amendment excessive force claims against defendants Khan, I. Daniel, and Salinas without amending the complaint. ECF No. 30. Plaintiff acknowledges that this constitutes a voluntary dismissal without prejudice of his official capacity claims, failure to protect claims, retaliation claims, state law claims and defendants City of Stockton, CHCF, J. Martinez, J. Purtle, and Nazarireihanabad pursuant to Federal Rule of Civil Procedure 41(a). Id.

////

////

2

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall construe plaintiff's Notice of Election (ECF No. 30) as a VOLUNTARY DISMISSAL of plaintiff's official capacity claims, failure to protect claims, retaliation claims, state law claims and defendants City of Stockton, CHCF, J. Martinez, J. Purtle, and Nazarireihanabad pursuant to Federal Rule of Civil Procedure 41(a) and shall update the docket accordingly.

2. The undersigned's March 19, 2026, findings and recommendations (ECF No. 26) are VACATED as MOOT.

DATED: April 2, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3