UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMAN DAWONE HOLMAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF STOCKTON, et al.,<br><br>Defendants. | No.  2:25-cv-2084 TLN AC P<br><br><br>ORDER |

On February 2, 2026, the court screened the complaint and found that plaintiff's allegations against defendants Khan, I. Daniel, and Salinas were sufficient to state Eighth Amendment excessive force claims based on alleged violation in June 2025 at California Health Care Facility.  ECF No. 22 at 4; see ECF No. 1 at 5 (describing incident on June 5, 2025).  The court also found that plaintiff's allegations did not state any other claims against Khan, I. Daniel, Salinas, or any other named defendants.  ECF No. 22 at 4-6, 10.  Plaintiff was given the options of amending the complaint or proceeding immediately on his Eighth Amendment excessive force claims against defendants Khan, I. Daniel, and Salinas.  Id. at 7, 9-10.  He informed the court of his election to proceed on the cognizable claims identified in the court's screening order and dismiss all other claims and defendants.  See ECF Nos. 30, 31, 33.

Most recently, plaintiff filed an unsigned letter, which appears to assert claims against all Registered Nurses ("RNs") in P3 Unit at California Medical Facility ("CMF") for conduct that

1

took place in November 2025.  See ECF No. 34 at 1.  There are at least two reasons why the court will not consider the contents of this letter and will strike it from the docket.

First, plaintiff has been warned that the court will not consider letters and exhibits filed separate from the complaint because it is not the duty of the court to look through these documents to determine whether they contain additional facts that might support a cognizable claim.  ECF No. 22 at 3 n.2.  Plaintiff was informed that a complaint is a *single* document.  Id. Because this letter was filed separate from the complaint, it will not be considered.

Second, even if the court considered the letter as part of the complaint and/or as attempting to amend the complaint, the new defendants and claims are improperly joined.  A plaintiff may properly assert multiple claims against a single defendant in a civil action.  Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  However, unrelated claims against different defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)." Id.

Here, as noted above, the letter alleges claims against several new defendants at a different prison, which are based on conduct that occurred on a different date than the conduct at issue in this case.  These are not claims "arising out of the same transaction, occurrence or series of transactions or occurrence."  Accordingly, to the extent plaintiff seeks to add these new defendants and claims in this action, they are improperly joined.  If plaintiff wants to pursue claims against individuals at CMF, he must file a separate lawsuit.  Petitioner is informed that for each separate case, he will be responsible for paying the required filing fee, whether in a lump sum or in monthly payments.

Third, plaintiff was also previously "cautioned that documents not contemplated by the Federal Rules of Civil Procedure or ordered by the court will be stricken and not considered by the court, and plaintiff's future filings may also be limited without further warning." Id. at 9. Because plaintiff's letter is not part of the complaint and is not contemplated by the Federal Rules of Civil Procedure or ordered by the court, the letter will be stricken. Going forward, plaintiff will not be allowed to file any documents not contemplated by the Federal Rules of Civil Procedures, such as motions and/or oppositions to motions, or ordered by the court. Any other documents will be stricken from the record without further notice and will not be considered by the court.

Accordingly, IT IS HEREBY ORDERED that:

1. The notice regarding violations (ECF No. 34) is STRICKEN.

2. Plaintiff shall not file any documents not contemplated by the Federal Rules of Civil Procedure or ordered by the court. Any filings in violation of this order will be summarily stricken.

DATED: April 30, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3